UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ERNEST MITCHUM, JR., | No. 2:22-cv-2313 CKD P |
| Plaintiff, | |
| v. | ORDER |
| KORY HONEA, et al., | |
| Defendants. | |

Plaintiff is a Butte County Jail prisoner proceeding pro se with civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. Since plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

/////

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Having conducted the required screening with respect to plaintiff's complaint (ECF No. 1), the court finds that plaintiff may proceed on a claim arising under the Americans with Disabilities Act (ADA) against defendant Butte County based upon plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers.

With respect to the other claims and defendants, the allegations do not amount to claims upon which plaintiff may proceed. At this point, plaintiff has two options: 1) proceed immediately on the claim identified above; or 2) attempt to cure the deficiencies in plaintiff's complaint in an amended complaint. In considering whether to amend, the court advises plaintiff as follows:

1. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2. Plaintiff alleges Butte County violated a consent decree emanating from a Butte County Superior Court case. Plaintiff is informed that this court has no jurisdiction to grant relief for the violation of a state court consent decree. See 28 U.S.C. § 1330 et seq.

3. Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Id. at 1052. "To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the

defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

4. Plaintiff cannot sue an individual for damages under the ADA. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

5. Under Rule 20 of the Federal Rules of Civil Procedure, plaintiff cannot bring unrelated claims against different defendants. Simply put, plaintiff cannot join claims against defendant B that have nothing to do with those brought against defendant A.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Butte County Sheriff filed concurrently herewith.

3. Plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on the claim identified in this order or file an amended complaint in an attempt to cure the deficiencies in his original complaint. If plaintiff does not return the form, this action will proceed on the claim described above.

Dated: March 3, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
case2240.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ERNEST MITCHUM, JR., | No. 2:22-cv-2313 CKD P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE OF |
| KORY HONEA, et al., | HOW TO PROCEED |
| Defendants. | |

**Check one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on a claim arising under the Americans with Disabilities Act against defendant Butte County based upon plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers.

**OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

1/hh
mitc2313.14