**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Matthew W. Gross, SBN 324007
2180 Harvard Street, Suite 500
Sacramento, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706
wcamy@porterscott.com
mgross@porterscott.com

Attorneys for Defendants
COUNTY OF BUTTE AND BUTTE COUNTY SHERIFF KORY HONEA

# UNITED STATES DISTRICT COURT
# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ERNEST MITCHUM JR., | Case No.: 2:22-cv-02313-DAD-CKD |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF BUTTE'S MOTION TO DISMISS PLAINTIFF MICHAEL ERNEST MITCHUM JR.'S COMPLAINT** |
| vs. | |
| BUTTE COUNTY SHERIFF KORY HONEA; COUNTY OF BUTTE, | |
| Defendants, | Date: January 16, 2024<br>Time: 1:30 p.m.<br>Location: Courtroom 4, 15th floor |
| / | Compl. Filed: 12/29/2022 |

---

1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COUNTY OF BUTTE'S MOTION TO DISMISS PLAINTIFF MICHAEL ERNEST MITCHUM JR.'S COMPLAINT
4869-6769-5502, v. 1

## I. INTRODUCTION

Plaintiff Michael Mitchum ("Plaintiff") brings a single claim for relief against the County of Butte ("Defendant" or "County") alleging a Title II Americans with Disabilities Act ("ADA") claim for the Butte County Jail allegedly not providing accessible shower stalls or toilets. Plaintiff's claim fails to state a claim for relief because Plaintiff does not plead facts sufficient to demonstrate that he was a qualified individual with a disability or denied the benefits of an ADA accessible Jail by reason of his disability. Plaintiff's claim is also untimely and barred by the applicable statute of limitations. As such, the Court should grant Defendant's Motion to Dismiss.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural Background

On December 29, 2022, Plaintiff filed a complaint in the Eastern District of California against a litany of Defendants. (ECF 1.) On March 6, 2023, the court screened Plaintiff's complaint as required under 28 U.S.C. § 1915A(a). The court gave Plaintiff two options: (1) proceed on a claim arising under the Americans with Disabilities Act (ADA) against Defendant County of Butte only based upon Plaintiff's allegations that he suffered injuries as a result of a lack of handrails near toilets and showers; or (2) seek leave to file an amended complaint in an attempt to cure deficiencies in the original complaint concerning other claims and defendants. On March 21, 2023, Plaintiff elected to proceed only on the one claim against Defendant County of Butte. (ECF 10.)

On March 28, 2023, Magistrate Judge Delaney filed findings and recommendations indicating Plaintiff would proceed with one claim under the ADA against Butte County. (ECF 11.) The Court recommended that all other claims and defendants be dismissed.

On August 10, 2023, Judge Drozd issued an order adopting in full the findings and recommendations issued on March 28, 2023, and stated "this action shall proceed on plaintiff's ADA claim against defendant Butte County based on allegations that plaintiff suffered injuries as a result of a lack of handrails near toilets and showers. All other claims brought by plaintiff in this action and all other defendants named in plaintiff's complaint are dismissed." (ECF 24 page 2.)

On November 1, 2023, Defendant filed an ex parte application for a 28-day extension to respond to the Complaint. (ECF 32.) On November 2, 2023, the Court granted Defendant's ex parte application and continued the deadline for Defendant to respond to the complaint to November 29, 2023. (ECF 33.)

**B. Allegations From Plaintiff's Complaint**

Plaintiff was a pretrial detainee at the Butte County Jail. (ECF 1 page 4, 15.) Plaintiff brings a single claim against Defendant under the ADA. (ECF 1 page 14.)

Plaintiff alleges the subject incident began in 2018. (ECF 1 page 20:7.) Plaintiff alleges he was "forwarded to Butte County Jail Medical Department, medical documents as required for proof of a record of being regarding as an ADA qualified inmate, in order to approve ADA accommodation medical chronos, such as, but not limited to, walking cane, ADA shower chair, lower tier bunk, no stairs." (ECF 1 page 15:18-28.)

Plaintiff alleges in conclusory fashion that he is a "qualified ADA housed inmate (mobility limitations) within the custody of" the Jail. (ECF 1 page 16:6-8.) Plaintiff alleges he was housed in a section of the Jail that does not have handrails in the showers. (ECF 1 page 17:25-28.) Plaintiff alleges C-Pod, K-Pod, L-Pod, and P-Section are areas of the Jail which did not have handrails in the showers. (ECF 1 page 20:9-11.) Plaintiff claims as a result of the lack of handrails, he was injured on December 26-27, 2019. (ECF 1 page 21:8-9, 22:4.)

**III.   LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A suit must be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twmobly, 550 U.S. 544, 570 (2007). This plausibility standard requires "factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court "need not "accept as true a legal conclusion couched as a factual allegation." Id.

///

///

## IV. LEGAL ARGUMENT

### A. Plaintiff's ADA Claim is Time Barred

"Title II of the ADA does not contain an express statute of limitations" and the court therefore "borrow[s] the statute of limitations applicable to the most analogous state-law claim, so long as 'it is not inconsistent with federal law or policy to do so.' " Sharkey v. O'Neal, 778 F.3d 767, 770 (9th Cir. 2015) (citations omitted). The Ninth Circuit has held that California's "three-year statute of limitations for '[a]n action upon a liability created by statute, other than a penalty or forfeiture' " is the statute of limitations that applies to the state-law claim most analogous to a claim under Title II of the ADA. Id. at 771, 773 (quoting Cal. Civ. Proc. Code § 338(a)). Therefore, in California, the statute of limitations for claims under Title II of the ADA is three-years. Id. at 774-75.

Here, Plaintiff's complaint alleges his injury occurred on December 26-27, 2019. (ECF 1 21:8-9.) Plaintiff filed his Complaint on December 29, 2022—3 years and 2 days later. As such, Plaintiff's Complaint is barred by the statute of limitations and must be dismissed. Given this defect cannot be cured by amendment, the Complaint should be dismissed without leave to amend.

### B. Plaintiff Fails to State a Claim under the ADA

Given that Plaintiff's Complaint is barred by the statute of limitations, the Court need not consider any further arguments before dismissing Plaintiff's Complaint with prejudice. However, had Plaintiff timely filed his Complaint, his Complaint still fails to allege sufficient facts to state a claim under the ADA.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "public entity" to include "any State or local government" and "any department, agency, ... or other instrumentality of a State." 42 U.S.C. § 12131(1).

As the Ninth Circuit has explained, "the ADA entitles inmates to receive the 'benefits' of the incarcerating institution's programs and services without facing discrimination on account of a disability." Armstrong v. Schwarzenegger, 622 F.3d 1058, 1069 (9th Cir. 2010); *see also* 28 C.F.R. pt. 35, app. A ("It is essential that corrections systems fulfill their discrimination and program access obligations

by adequately addressing the needs of prisoners with disabilities, which include, but are not limited to, proper medication and medical treatment, [and] accessible toilet and shower facilities[.]").

To prevail under Title II, the plaintiff must show that: "(1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) this exclusion, denial, or discrimination was by reason of his disability." Cohen v. City of Culver City, 754 F.3d 690, 695 (9th Cir. 2014) (citation omitted).

Whether Plaintiff's condition constituted a disability under the ADA involves three inquiries: (1) "whether [plaintiff's] condition was a physical impairment"; (2) "whether the life activities from which he was impaired (e.g., [mobility]) amounted to major life activities"; and (3) "whether [plaintiff's] impairment substantially limited [him] from performing the identified major life activities." See Gribbon v. United Parcel Service, Inc., 528 F.3d 1166, 1169 (9th Cir. 2008) The term "disability" means "a physical or mental impairment that substantially limits one or more major life activities," "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). "Major life activities" include walking, standing, and major bodily functions such as bowel and bladder functions. 42 U.S.C. § 12102(2). The definition of "disability" is "construed in favor of broad coverage." 42 U.S.C. § 12101(4)(A).

Here, as discussed in more detail below, Plaintiff failed to plead sufficient facts to demonstrate he was a qualified individual with a disability under the ADA. Furthermore, Plaintiff has failed to plead facts to demonstrate the reason for his denial was by reason of his disability. Plaintiff cannot satisfy two of the three elements to state a claim under the ADA. As such, his claim fails to plead sufficient facts to support his claim under the ADA.

**1. Qualified Individual**

Plaintiff has not alleged sufficient facts to show he is a qualified individual with a disability under the ADA. Plaintiff vaguely alleges in conclusory fashion that he has a "mobility limitation." That allegation is insufficient to demonstrate that Plaintiff has a disability which impacts a major life activity. (ECF 1 page 16:6-8.) Plaintiff has not alleged what his disability is or how his disability prevented him from using the shower. He only offers conclusory allegations that he is a disabled individual with mobility limitations.

In Scaperotta v. Wagatsuma, 2021 WL 1148467 *9 (March 25, 2021 D. Hawaii), the plaintiff brought an ADA claim for lack of access to a handicapped shower after being authorized temporary use of a wheelchair. The Court determined that the plaintiff failed to state a claim under the ADA because he "[did] not say what disability necessitated these accommodations" or "allege that his impairment was permanent." As the Ninth Circuit has observed, "[s]everal courts have held that a temporary injury with minimal residual effects cannot be the basis for a sustainable claim under the ADA." Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1354 (9th Cir. 1996) (citations omitted).

In Strojnik v. Resort at Indian Springs LLC, 2020 WL 3470100 (June 25, 2020 N.D. Cal.) the plaintiff plead he had "a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee." that "substantially limit his major life activities" and that he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation." Id. at *1. The Court found Plaintiff failed to state a claim under the ADA because "Plaintiff described his disability in only the most vague, general term." Id. at *3. The Court found the plaintiff's complaint failed to show he was a qualified individual under the ADA.

Here, Plaintiff's only allegations regarding his disability are that he is mobility impaired and then he concludes he is a qualified individual under the ADA. These allegations are too vague and generalized, similar to the allegations in Scaperotta and Strojnik. Plaintiff's claim that he is a qualified individual under the ADA is also conclusory and insufficient to bring an ADA claim. See Krueger v. Adventist Health System, 2022 WL 2052652 *2 (June 7, 2022 E.D. Cal.) ("The Court agrees with Defendant that Plaintiff's allegations do not satisfy these basic requirements. In particular, Plaintiff has not alleged what her disability is or how her disability prevented her from wearing a face covering. She offers only the conclusory allegations that she is a "disabled individual" and has a "medical exemption" from wearing a mask.") Plaintiff's allegations do not satisfy these basic requirements. Plaintiff does not allege what his disability is, aside from a vague and conclusory allegation that he had mobility limitations.

Plaintiff's forty-two page complaint lacks any specific allegations necessary to state an ADA claim. It is unclear whether Plaintiff's restrictions for shower and toilet stalls with handrails are due to a disability, and whether that same disability is the reason for his need for an accessible shower and toilet. To the extent Plaintiff alleges that he required an accessible bathroom, there are no allegations or facts as to the basis for

that accommodation or the reasons for needing an accessible toilet with handrails. It is also unclear if Plaintiff alleges his condition was temporary or permanent. Plaintiff does not allege that his impairment has continued. Plaintiff must identify the non-temporary impairment that required his use of an accessible bathroom.

Plaintiff does not plead that he has an impacted major life activity which might affect him. Plaintiff's failure to properly allege and identify his disability is fatal to his claims. Fed. R. Civ. P. 8; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action will not do"); Ashcroft v. Iqbal, 556 U.S. 662, 668-669 (2009) (holding that (1) courts need not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" and (2) only a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss.). As such, Plaintiff has not alleged sufficient fact to support his claim that he is a qualified individual under the ADA and his Complaint should be dismissed.

**2. By Reason of His Disability**

Additionally, Plaintiff has failed to plead any facts showing that he was denied the benefits of a shower or toilet with handrails *by reason of his disability*. For example, Plaintiff does not allege a correctional deputy prevented him from accessing the showers based on his disability nor does he allege any affirmative conduct by any County employee to support his claim. The facts alleged in the complaint do not establish that Plaintiff was denied or excluded from participating in a shower by reason of his disability. Thus, there are no allegations that Plaintiff was actually denied a service, program, or activity on the basis of his disability. See Simmons v. Rosales, 2020 WL 8991819 *3 (E.D. California February 25, 2020) ("Plaintiff's claim is not based on a denial of a shower on the basis of his disability or a lack of access to a handicapped shower or shower equipment.")

For all the above reasons, granting Plaintiff leave to amend this claim would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

///

///

## V. **CONCLUSION**

Plaintiff's Complaint is barred by the statute of limitations because it alleges Plaintiff suffered his injury on December 26-27, 2019—over three years before he filed his Complaint. Furthermore, Plaintiff has failed to state sufficient facts to show he was a qualified individual under the ADA and that he was denied access to showers/bathrooms by reason of his disability. Plaintiff's Complaint its extraordinarily lengthy yet devoid of any factual allegations to support his single claim. As such, the Court should grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint without leave to amend.

Dated: November 29, 2023          PORTER SCOTT
                                  A PROFESSIONAL CORPORATION


                                  By:   /s/ *William E. Camy*
                                          William E. Camy
                                          Matthew W. Gross
                                          Attorneys for Defendants

**CASE NAME:** *Mitchum v. Butte County, et al.*
**CASE NO.:** *Eastern District of CA Case No. 2:22-cv-02313*

## PROOF OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 500, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on all parties in the said action as addressed below by causing a true copy thereof to be served:

| | |
|---|---|
| XX | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. ☐ Certified Mail/Return Receipt Requested, Article # |
| | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
| | **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

Addressed as follows:

*Pro Per*
Michael Mitchum, Jr.
1027 Sierra Avenue
Oroville, CA 95965

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on November 29, 2023.

*Kristena Champlin*
Kristena Champlin