**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Matthew W. Gross, SBN 324007
2180 Harvard Street, Suite 500
Sacramento, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706
wcamy@porterscott.com
mgross@porterscott.com

Attorneys for Defendants
COUNTY OF BUTTE AND BUTTE COUNTY SHERIFF KORY HONEA

# UNITED STATES DISTRICT COURT
# IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ERNEST MITCHUM JR., | Case No.: 2:22-cv-02313-DAD-CKD |
| Plaintiff, | **DEFENDANT COUNTY OF BUTTE'S REPLY TO MOTION TO DISMISS PLAINTIFF MICHAEL ERNEST MITCHUM JR.'S COMPLAINT** |
| vs. | |
| BUTTE COUNTY SHERIFF KORY HONEA; COUNTY OF BUTTE, | Date: January 31, 2024<br>Time: 10:00 a.m.<br>Location: ZOOM<br>Judge: Magistrate Judge Carolyn K. Delaney |
| Defendants, | |
| / | Compl. Filed: 12/29/2022 |

Pursuant to E.C. Cal. L.R. 230(c), Plaintiff's failure to file an opposition to Defendant's Motion to Dismiss (ECF 35-1) shall be construed as a non-opposition to the motion. Under the court's Local Rules, plaintiff was to respond to the motion no less than 14 days after the motion was filed. See E.D. Cal. L.R. 230(c) ("Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days after the motion was filed."). Plaintiff has not filed a timely opposition to the motion to dismiss.

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. Local Rule 183(a) provides, in relevant part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing [without counsel]. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds).

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Plaintiff's failure to respond to the pending motion to dismiss is in violation with the Local Rules and the Federal Rules of Civil Procedure. As such, the Court should deem Plaintiff's failure to address the arguments presented by the Defendant as a tacit concession on the merits and grant the Defendant's Motion to Dismiss in its entirety without leave to amend.

Dated:   December 18, 2023

PORTER SCOTT
A PROFESSIONAL CORPORATION

By:   /s/ *Matthew W. Gross*
      William E. Camy
      Matthew W. Gross
      Attorneys for Defendants

**CASE NAME:** *Mitchum v. Butte County, et al.*
**CASE NO.:** *Eastern District of CA Case No. 2:22-cv-02313*

## PROOF OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 500, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following **DEFENDANT COUNTY OF BUTTE'S REPLY TO MOTION TO DISMISS PLAINTIFF MICHAEL ERNEST MITCHUM JR.'S COMPLAINT** on all parties in the said action as addressed below by causing a true copy thereof to be served:

| | |
|---|---|
| XX | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. ☐ Certified Mail/Return Receipt Requested, Article # |
| | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
| | **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

Addressed as follows:

*Pro Per*
Michael Mitchum, Jr.
1027 Sierra Avenue
Oroville, CA 95965

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on December 18, 2023.

*Kristena Champlin*
Kristena Champlin