**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
William E. Camy, SBN 291397
Matthew W. Gross, SBN 324007
2180 Harvard Street, Suite 500
Sacramento, CA 95815
TEL: 916.929.1481
FAX: 916.927.3706
wcamy@porterscott.com
mgross@porterscott.com

Attorneys for Defendants
COUNTY OF BUTTE AND BUTTE COUNTY SHERIFF KORY HONEA

**UNITED STATES DISTRICT COURT**
**IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ERNEST MITCHUM JR., | Case No.: 2:22-cv-02313-DAD-CKD |
| Plaintiff, | **DEFENDANT COUNTY OF BUTTE'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF MICHAEL ERNEST MITCHUM JR.'S COMPLAINT** |
| vs. | |
| BUTTE COUNTY SHERIFF KORY HONEA; COUNTY OF BUTTE, | |
| Defendants, | Compl. Filed: 12/29/2022 |

## I.    INTRODUCTION

Plaintiff's Opposition to Defendant's Motion to Dismiss ("Motion") fails to rebut the arguments and case law raised in the Defendant's Motion to Dismiss. Plaintiff argues the Motion must be denied because "[Defendant failed] to argue Plaintiff meeting [sic] the third prong criteria, defendants 'admit' to plaintiff being regarded as having such an impairment…" (ECF 44 page 1:22-25) Although not clear, Plaintiff is possibly suggesting Defendant's Motion fails because Defendant did not challenge all three elements of a Title II Americans with Disabilities Act ("ADA") claim. It is Plaintiff's burden to satisfy every element at the pleading stage. If Plaintiff fails to allege sufficient facts for even one element of an ADA claim, then his entire claim fails. Here, Plaintiff cannot meet several of the elements under the ADA. Plaintiff's claim fails to state a claim for relief because Plaintiff does not plead facts sufficient to demonstrate that he was a

qualified individual with a disability or denied the benefits of an ADA accessible Jail by reason of his disability. Plaintiff's claim is also untimely and barred by the applicable statute of limitations. As such, the Court should grant Defendant's Motion to Dismiss.

## II. LEGAL ARGUMENT

### A. Plaintiff Fails To Plead A Claim That He Was A Qualifying Individual

Plaintiff has not alleged sufficient facts to show he is a qualified individual with a disability under the ADA. Plaintiff argues "the fact that Butte County Sheriff's Jail medical department provides(s) Plaintiff all the aforementioned ADA accommodation chronos alone, reflects Plaintiff providing jail medical department a record of Plaintiffs documented ADA history…" (ECF 44 page 2:22-26) This argument is unpersuasive for multiple reasons. First, Plaintiff appears to be suggesting he was given ADA accommodations while at the Butte County Jail. If Plaintiff is asserting this argument, then his claim under the ADA fails because he admits he was given accommodations at the Jail. If Plaintiff is not advancing this argument, he still fails to plead a claim for relief.

Plaintiff's Complaint is vague and makes conclusory claims regarding his qualifying status. For instance, Plaintiff only plead he had a "mobility limitation." (ECF 1 page 16:6-8) Plaintiff's Opposition makes no effort to advance how he would expand on this vague allegation if afforded leave to amend. He also fails to allege in his Complaint—or address in his Opposition—that Plaintiff has a disability which impacts a major life activity. Plaintiff has not even alleged what his disability is or how his disability prevented him from using the shower, which is the basis for his claim. He only offers conclusory allegations that he is a disabled individual with mobility limitations.

As such, Plaintiff has not alleged sufficient facts to support his claim that he is a qualified individual under the ADA and his Complaint should be dismissed.

### B. Plaintiff Fails To Plead A Claim That He Was Discriminated Against Because Of His Disability

Plaintiff has failed to plead any facts showing that he was denied the benefits of a shower or toilet with handrails *by reason of his disability*. Plaintiff argues "Plaintiff's complaint contains a section titled 'Statement of Facts' which includes an exchange of documents / communication between the Plaintiff and

Butte County Sheriff's jail administration in the form of ADA violation issues that Plaintiff addressed in administrative grievances." (ECF 44 page 2:1-8)

Plaintiff does not point to any specific allegations in the Complaint where he was denied the benefits of a shower or toilet with handrails by reason of his disability. Plaintiff does not address Defendant's arguments in the Motion to Dismiss and merely states he stands by the claims in his Complaint. The facts alleged in the Complaint do not establish that Plaintiff was denied or excluded from participating in a shower by reason of his disability. Thus, there are no allegations that Plaintiff was denied a service, program, or activity on the basis of his disability. As such, this element of the ADA claim also fails.

### C. Plaintiff's Claim Is Time Barred

Plaintiff argues that he has not received ADA accommodations "in the areas the jail houses the Plaintiff since 2019." (ECF 44 page 3:7-9) Plaintiff concedes his injury occurred on December 26-27, 2019. (ECF 1 21:8-9.) Plaintiff filed his Complaint on December 29, 2022—3 years and 2 days later. As such, Plaintiff's Complaint is barred by the statute of limitations and must be dismissed. Plaintiff does not add any additional arguments or challenge the Defendant's argument that his claim is untimely. Given this defect cannot be cured by amendment, the Complaint should be dismissed <u>without</u> leave to amend.

### III. <u>CONCLUSION</u>

Plaintiff's Complaint is barred by the statute of limitations because it alleges Plaintiff suffered his injury on December 26-27, 2019—over three years before he filed his Complaint. Furthermore, Plaintiff has failed to state sufficient facts to show he was a qualified individual under the ADA and that he was denied access to showers/bathrooms by reason of his disability. Plaintiff's Complaint is extraordinarily lengthy (in violation of Federal Rules of Civil Procedure Rule 8(a)(1) "…A pleading that states a claim for relief must contain…a <u>short</u> and plain statement…") yet devoid of sufficient factual allegations to support his single claim. As such, the Court should grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint without leave to amend.

/ / /
/ / /
/ / /
/ / /

Dated: April 22, 2024

PORTER SCOTT
A PROFESSIONAL CORPORATION

By:   /s/ *Matthew W. Gross*
      William E. Camy
      Matthew W. Gross
      Attorneys for Defendants

**CASE NAME:** *Mitchum v. Butte County, et al.*
**CASE NO.:** *Eastern District of CA Case No. 2:22-cv-02313*

## PROOF OF SERVICE

I am a resident of the United States and of the County, of Sacramento, California. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 2180 Harvard Street, Suite 500, Sacramento, California.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California, after the close of the day's business.

That on the date below, I served the following **DEFENDANT COUNTY OF BUTTE'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF MICHAEL ERNEST MITCHUM JR.'S COMPLAINT** on all parties in the said action as addressed below by causing a true copy thereof to be served:

| | |
|---|---|
| XX | **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. ☐ Certified Mail/Return Receipt Requested, Article # |
| | **BY PERSONAL SERVICE:** I caused such document to be personally delivered to the person(s) addressed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening. |
| | **BY OVERNIGHT DELIVERY:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) listed below. I placed the envelope or package for collection and overnight delivery at my office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY ELECTRONIC SERVICE**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification address listed below. |

Addressed as follows:

*Pro Per*
Michael Mitchum, Jr.
7 Gillick Way
Oroville, CA 95965

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Sacramento, California on April 22, 2024.

*Kristena Champlin*
Kristena Champlin