1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL ERNEST MITCHUM, JR.,              No.  2:22-cv-2313 DAD CKD P

12                 Plaintiff,

13          v.                                   FINDINGS AND RECOMMENDATIONS

14    KORY HONEA, et al.,

15                 Defendants.

16

17          Plaintiff is a Butte County Jail inmate proceeding with a claim arising under the Title II of

18    the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq. (ADA), against Butte County for

19    damages.  The claims which remain concern injuries suffered by plaintiff from a lack of handrails

20    near toilets and showers at the Butte County Jail.  Butte County has filed a motion to dismiss

21    under Rule 12(b)(6) of the Federal Rules of Procedure arguing that any remaining claim is barred

22    by the applicable statue of limitations, and that plaintiff fails to state a claim under the ADA upon

23    which relief can be granted.   For the reasons which follow, the court will recommend that the

24    motion to dismiss be granted.

25    I. Plaintiff's Sur-Reply and Notice Regarding "Disability Condition"

26          Plaintiff submitted an opposition to defendant's motion to dismiss and defendant filed a

27    reply.  Following the filing of the reply, plaintiff submitted a sur-reply and a notice regarding

28    "disability condition" providing factual background for his pleadings and additional argument in

                                              1

1 opposition to the motion to dismiss.  Motions in this case are briefed in accordance with Local

2 Rule 230(l) which permits the filing of an opposition and a reply.  As plaintiff did not seek leave

3 to file anything beyond his reply, and there does not appear to be good cause to consider either of

4 plaintiff's post-reply filings with respect to whether defendant's motion to dismiss should be

5 granted, nothing in either document is considered.

6        The court does note that in the notice regarding "disability condition" plaintiff mostly

7 details current conditions at the Butte County Jail.  Plaintiff is informed that if he seeks a court-

8 ordered change in conditions of confinement, plaintiff should initiate a separate action for

9 injunctive relief.

10 II.  Limitations

11        When considering the merits of a motion to dismiss brought under Rule 12(b)(6), the court

12 must accept the allegations of the operative pleadings as true, Erickson v. Pardus, 551 U.S. 89,

13 93-94 (2007), and construe the pleadings in the light most favorable to the plaintiff, see Scheuer

14 v. Rhodes, 416 U.S. 232, 236 (1974).  If the running of the applicable limitations period is

15 apparent on the face of the complaint, violation of the period is a proper basis for dismissal under

16 Rule 12(b)(6).  Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

17        Title II of the ADA does not explicitly provide a limitations period.  Therefore, the court

18 "borrow[s] the statute of limitations applicable to the most analogous state-law claim."  Sharkey

19 v. O'Neal, 778 F.3d 767, 770 (9th Cir. 2015).  The Ninth Circuit has held that California's "three-

20 year statute of limitations for '[a]n action upon a liability created by statute, other than a penalty

21 or forfeiture'" is the statute of limitations that applies to the state-law claim most analogous to a

22 claim under Title II of the ADA.  Id. at 771, 773 (quoting Cal. Civ. Proc. Code § 338(a)).

23 Therefore, in California, the statute of limitations for claims under Title II of the ADA is three-

24 years.  Id. at 774-75.  Also, under California law, plaintiff is entitled to up two years of tolling of

25 the limitations period because, when his claim accrued, he was "imprisoned on a criminal charge,

26 or in execution under the sentence of a criminal court for a term less than life."  Cal. Code Civ.

27 Pro. § 352.1.  Under Ninth Circuit precedent, the tolling provision in § 352.1 applies equally to

28 /////

2

1   pretrial detainees and state prisoners.  Elliott v. City of Union City, 25 F.3d 800, 802-03 (9th Cir.

2   1994)

3           While California law determines the length of the limitations period, federal law

4   determines when the claim accrues.  Morales v. City of Los Angeles, 214 F.3d 1151, 1154 (9th

5   Cir. 2000).  A claim accrues under federal law when plaintiff knows or has reason to know of the

6   injury which is the basis of the action.  TwoRivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

7   A claim ordinarily accrues on the date of injury.  Pouncil v. Tilton, 704 F.3d 568, 574 (9th Cir.

8   2012).

9           In his complaint, plaintiff alleges that he suffered injuries at the Butte County Jail on

10  December 26, 2019 (ECF No. 1 at 32-33); December 27, 2019 (id. at 33); January 2, 2020 (id. at

11  34); and June 2, 2022 (id. at 40).  Plaintiff commenced this action on December 29, 2022.

12          Plaintiff indicates that he was released from the Butte County Jail to the California

13  Department of Corrections and Rehabilitation (CDCR) in October of 2020 but returned to Butte

14  County on March 21, 2022.  ECF No. 1 at 39.  Plaintiff indicates he was a pretrial detainee before

15  his CDCR stay.  It is not clear why he was returned to the Butte County Jail in 2022.

16          In any case, no claim arising from any injury occurring on any of the dates identified

17  above is time-barred.  When the first injury occurred, plaintiff was entitled to tolling of the

18  limitations period at least until he was transferred to CDCR.  If the clock began to run on the date

19  of transfer as to the 2019 and 2020 injuries, plaintiff had until October of 2023 to submit his

20  complaint.  Plaintiff does not need tolling to make any claim arising from his 2022 injury timely.

21          For these reasons, no claim arising from any injury sustained on any of the dates identified

22  above is time-barred.

23  III.  Failure to State a Claim

24          In order to avoid dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to

25  state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or

26  "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly,

27  550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of

28  action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.

Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  Iqbal, 556 U.S. at 678.  As with defendant's limitations argument, the court

must accept the allegations of the operative pleadings as true when deciding whether dismissal for

failure to state a claim is appropriate, Erickson, 551 U.S. at 93-94, and construe the pleadings in

the light most favorable to the plaintiff, see Scheuer, 416 U.S. at 236.

   The appropriate defendant in an ADA action for damages is a public entity and not an

individual.  Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).  The public entity is

vicariously liable for the acts of its employees.  Duvall v. County of Kitsap, 260 F.3d 1124, 1141

(9th Cir. 2001).

   Title II of the ADA "prohibit[s] discrimination on the basis of disability."  Lovell v.

Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  In order to state a claim upon which relief can be

granted under Title II of the ADA, plaintiff must adequately allege:  (1) he has disability; (2) is

otherwise qualified to participate in or receive the benefit of the State of California's services,

programs, or activities; (3) he was either excluded from participation in or denied the benefits of

such services, programs, or activities, or was otherwise discriminated against; and (4) such

exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  Additionally, to state a claim for money

damages, plaintiff must allege "intentional discrimination on the part of the defendant," and the

standard for intentional discrimination is at least deliberate indifference.  Duvall, 260 F.3d 1124

at 1138.  Deliberate indifference is "knowledge that a harm to a federally protected right is

substantially likely, and a failure to act upon that the likelihood."  Id. at 1139.

   There are several problems with plaintiff's remaining claims.  First, plaintiff does not

adequately identify a qualifying disability.  Plaintiff indicates he has "mobility limitations" (ECF

No. 1 at 16), but that is not sufficient.  Generally, it is required that a plaintiff claiming that they

are disabled under the ADA plead the disability with specificity.  "[A] successful plaintiff will

usually allege that he or she suffered from a specific, recognized mental or physical illness."

1  Bresaz v. County of Santa Clara, 136 F. Supp. 3d 1125, 1135-36 (N.D. Cal. 2015). "A plaintiff

2  additionally must specify what major life activities his disability limits." Alejandro v. ST Micro

3  Elecs., Inc., 129 F. Supp. 3d 898, 907-08 (N.D. Cal. 2015).

4       With respect to three of the incidents identified above, plaintiff was injured while cleaning

5  showers or toilets not equipped with handrails.  While not entirely clear, it appears that plaintiff

6  worked as an inmate/janitor at the time.  Also, while not entirely clear, the court assumes that

7  plaintiff was required to work as a janitor.

8       As indicated above, Title II of the ADA concerns the denial of benefits, services,

9  programs, etc., and the Ninth Circuit has specifically held that Title II of the ADA does not apply

10  to employment.  Zimmerman v. Oregon DOJ, 170 F.3d 1169, 1178 (9th Cir. 1999).  Because the

11  injuries sustained by plaintiff on December 26, 2019 (ECF No. 1 at 32-33), December 27, 2019

12  (id. at 33); and January 2, 2020 (id. at 34) do not involve the sort of exclusion or denial precluded

13  by the ADA, but concern terms of mandated employment, no claim under Title II is stated.  See

14  Acinelli v. Blackmon, No. ED CV 13–0381–ABC (PLA), 2014 WL 12689944, *6 (C.D. Cal.

15  March 5, 2014).

16       The injury sustained by plaintiff on June 2, 2022 (ECF No. 1 at 40) occurred while

17  plaintiff used a shower that did not have handrails.  As noted above, plaintiff was in the custody

18  of CDCR between October, 2020 and March 21, 2022.  Id. at 39-40.  Plaintiff fails to point to

19  anything suggesting that when he returned to the Butte County Jail that he notified anyone as to a

20  need for any showering accommodation.  Also, plaintiff asserts he fell when he tried to balance

21  on one foot to wash the other with his hands.  Under the facts alleged, the court cannot find that

22  any injury suffered by plaintiff was caused by the deliberate indifference of Butte County Jail

23  employees or by the configuration of the shower as much as the manner in which plaintiff utilized

24  the shower.

25       Also, the court again notes that Title II forbids the denial of or exclusion from programs,

26  services, etc.  Here plaintiff was not denied a shower, nor, under the facts alleged, even

27  constructively denied a shower so there is no violation of the ADA.

28  /////

1    Finally, as noted in <u>Armbrester v. Alameda County</u>, No. 17-cv-05231-LB, 2018 WL

2    5780044, *3 (N.D. Cal. Nov 1, 2018):

3
>       The ADA is not a public-safety statute. "The ADA prohibits
4       discrimination because of disability, not inadequate treatment for
        disability." <u>Simmons v. Navajo Cty.</u>, 609 F.3d 1011, 1022 (9th Cir.
5       2010) (citing <u>Bryant v. Madigan</u>, 84 F.3d 246, 249 (7th Cir. 1996)).
        "[T]he ADA was not designed to protect those with disabilities from
6       personal injuries . . . . Indeed, 42 U.S.C. § 12101(b) expressly states
        that the purpose of the ADA is 'the elimination of discrimination
7       against individuals with disabilities.' . . . . There was no mention of
        promoting safety or eliminating hazards in the Act[.]" <u>Levin v.</u>
8       <u>Dollar Tree Stores, Inc.</u>, No. 06-00605, 2006 WL 3538964, at *3
        (E.D. Pa. Dec. 6, 2006) (some internal quotation marks omitted)
9       (quoting <u>White v. NCL Am., Inc.</u>, No. 05-22030-CIV, 2006 WL
        1042548, at *5 (S.D. Fla. Mar. 8, 2006)). "'[W]hile protection from
10      injury for the disabled is no doubt a fortunate by-product of the ADA,
        it is clear that the statute was not designed with that purpose in
11      mind[.]'" <u>Hunter ex rel. A.H. v. District of Columbia</u>, 64 F. Supp.
        3d 158, 189 (D.D.C. 2014) (quoting <u>White</u>, 2006 WL 1042548, at
12      *5).

13   IV. <u>Conclusion</u>

14   For all the foregoing reasons, the court will recommend that plaintiff's remaining ADA

15   claim against defendant Butte County be dismissed.  Furthermore, the court does not recommend

16   that plaintiff be granted leave to amend as it does not appear plaintiff can, in good faith, allege

17   facts which would amount to a claim arising under the ADA upon which plaintiff could proceed.

18   Accordingly, IT IS HEREBY RECOMMENDED that:

19   1.  Defendant Butte County's motion to dismiss (ECF No. 35) be granted;

20   2.  Plaintiff's complaint (ECF No. 1) be dismissed; and

21   3.  This case be closed.

22   These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27   objections shall be served and filed within fourteen days after service of the objections.  The

28   /////

6

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   Dated:  July 15, 2024

4                                        _____
                                         CAROLYN K. DELANEY
5                                        UNITED STATES MAGISTRATE JUDGE

6

7

8   1
    mitc2313.dis.ada(2)
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28